**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN CLYDE HARHAW, <br><br> Plaintiff, <br><br> v. <br><br> CAROLYN W. COLVIN, Commissioner of Social Security, <br><br> Defendant. | Case No. 1:12-CV-01776-BAM <br><br> ORDER AFFIRMING AGENCY'S DENIAL OF BENEFITS AND ORDERING JUDGMENT FOR COMMISSIONER |

## I.   INTRODUCTION

Plaintiff Melvin Clyde Harhaw[1] ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits and supplemental security income payments based on disability pursuant to Titles II and XVI of the Social Security Act.  In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties consented to have a United States Magistrate Judge conduct all proceedings in this case, including entry of final judgment. (Doc. 7, 9.)  The matter is before the Court on the parties' briefs, which were submitted without oral argument to Magistrate Judge Barbara A. McAuliffe.  Having carefully considered the parties' briefs as well as the entire record in this case, the Court finds the decision of the Administrative Law Judge ("ALJ") to be supported by substantial evidence in the record and based upon proper legal standards.  Accordingly, the Court affirms the Commissioner's determination.

---

[1] Plaintiff filed his complaint under the name "Harhaw," but according to the administrative transcript and subsequent filings, Plaintiff's name is "Harshaw."  *See,* Doc. 10, Attach. 3, p. 19; *See also,* Pl.'s Opening Brief, Doc. 12.

1

## II.     BACKGROUND

**A.     Overview of Administrative Proceedings**

On June 9, 2008, Plaintiff applied for Disability Insurance Benefits and Supplemental Security Income payments based on disability pursuant to Titles II and XVI of the Social Security Act. AR 19, 70-82.[2] Plaintiff's application was denied initially and on reconsideration. AR 94-98, 102-106. Plaintiff requested a hearing, which was held on August 18, 2010. AR 19, 41-69. In a decision dated September 20, 2010, the ALJ issued a decision finding Plaintiff not disabled. AR 19-26. The ALJ's decision became the Commissioner's final decision when the Appeals Council denied review on August 28, 2012. AR 1-3. Plaintiff then commenced this action pursuant to 42 U.S.C. § 405(g), 1383(c)(3).

**B.     Plaintiff's Disability Claims[3]**

At the time he filed his applications for benefits, Plaintiff asserted he became unable to work due to anxiety, depression and chronic knee pain. AR 182. Plaintiff did not list any other causes for his alleged disability. During the administrative hearing on August 18, 2010, Plaintiff testified he was unable to work due to anxiety and depression. AR 49. When asked if there was "any other reason that [he] was not able to work," Plaintiff responded he had "limited motion and abilities in [his] knees." *Id*. When the ALJ asked if "there [was] anything else," Plaintiff responded there was not. *Id*. Medical records relating to Plaintiff's "flat feet" were discussed, however, only to the extent they contribute to Plaintiff's knee problems. AR 51. Plaintiff's flat feet were never alleged to independently affect Plaintiff's residual functional capacity. When Plaintiff was examined by his attorney, no impairments were discussed other than Plaintiff's knees. AR 63. On appeal of Plaintiff's initial denial, Plaintiff stated there were no changes in his illnesses, injuries or condition. AR 211-12.

The medical records indicate that Plaintiff may suffer from impairments beyond those alleged throughout the administrative process. The medical records contain evidence that Plaintiff may suffer from Personality Disorder NOS, Sciatica, Post Traumatic Stress Disorder and Pes Planus

---

[2] References to the Administrative Record cite to "AR," followed by the corresponding page number to the Administrative Record.

[3] The entire medical record was reviewed by the Court. The Court will reference the medical evidence to the extent it is necessary to the Court's decision.

(flat feet).  AR 229, 278, 311, 317, 322, 327, 350-352, 406, 420, 423, 426. Until this appeal, however, Plaintiff has not alleged these alleged impairments contributed to his disability.

**C.    The ALJ's Decision**

On June 22, 2010, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Act.  Specifically, the ALJ made the following relevant findings:

1.    Plaintiff has not engaged in substantial gainful activity since June 9, 2008, the alleged onset date;

2.    Plaintiff has the following impairments, which in combination may be considered severe: anxiety, depression and chondromalacia of the patella;

3.    Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926);

4.    Plaintiff has the residual functional capacity ("RFC") to lift and carry 20 pounds occasionally and 10 pounds frequently.  Plaintiff can sit, stand and walk six hours in an eight hour workday. Plaintiff can push and/or pull with his upper and lower extremities without limitation, frequently climb, balance and stoop, and occasionally kneel, crouch, and crawl. Plaintiff can perform simple repetitive tasks on a sustained basis and adapt to work changes with limited public contact.

5.    Plaintiff is unable to perform any past relevant work;

6.    Considering Plaintiff's age, education, work experience and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform (20 CFR 416.969 and 416.969(a));

7.    Plaintiff has not been under a disability, as defined in the Act, since June 9, 2008, through the date of this decision. (20 CFR 416.920(g)).

### III.    DISCUSSION

Plaintiff presents a single issue for review: whether the ALJ committed error at step two of the sequential evaluation process by failing to consider Plaintiff's Personality Disorder NOS, Sciatica, Post Traumatic Stress Disorder and Pes Planus. The Commissioner responds that because these alleged impairments were never raised at the administrative level, this argument is waived.

3

For the reasons that follow, this Court finds that Plaintiff was required to raise these impairments during the administrative proceedings, and that Plaintiff has waived his argument that these impairments cause or contribute to his alleged disability.

### A.     Standard of Review of the Commissioner's Decision

The ALJ's decision denying benefits "will be disturbed only if that decision is not supported by substantial evidence or it is based upon legal error." *Tidwell v. Apfel,* 161 F.3d 599, 601 (9th Cir. 1999). In reviewing the Commissioner's decision, the Court may not substitute its judgment for that of the Commissioner. *Macri v. Chater*, 93 F.3d 540, 543 (9th Cir. 1996). Instead, the Court must determine whether the Commissioner applied the proper legal standards and whether substantial evidence exists in the record to support the Commissioner's findings. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007).

"Substantial evidence is more than a mere scintilla but less than a preponderance." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (quoting *Consol. Edison Co. of N.Y. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)). The Court "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (citation and internal quotation marks omitted).

An individual is considered disabled for purposes of disability benefits if he or she is unable to engage in any substantial, gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted, or can be expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see also Barnhart v. Thomas*, 540 U.S. 20, 23, 124 S.Ct. 376, 157 L.Ed.2d 333 (2003). The impairment or impairments must result from anatomical, physiological, or psychological abnormalities that are demonstrable by medically accepted clinical and laboratory diagnostic techniques and must be of such severity that the claimant is not only unable to do his previous work,

but cannot, considering his age, education, and work experience, engage in any other kind of substantial, gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)-(3), 1382c(a)(3)(B), (D).

The regulations provide that the ALJ must undertake a specific five-step sequential analysis in the process of evaluating a disability. In the First Step, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. 20 C .F.R. §§ 404.1520(b), 416.920(b). If not, in the Second Step, the ALJ must determine whether the claimant has a severe impairment or a combination of impairments significantly limiting her from performing basic work activities. *Id.* §§ 404.1520(c), 416.920(c).  If so, in the Third Step, the ALJ must determine whether the claimant has a severe impairment or combination of impairments that meets or equals the requirements of the Listing of Impairments ("Listing"), 20 C.F.R. 404, Subpart P, App. 1. *Id.* § § 404.1520(d), 416.920(d). If not, in the Fourth Step, the ALJ must determine whether the claimant has sufficient residual functional capacity, despite the impairment or various limitations to perform his past work. *Id*. §§ 404.1520(f), 416.920(f). If not, in Step Five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in significant numbers in the national economy. *Id*. §§ 404.1520(g), 416.920(g). If a claimant is found to be disabled or not disabled at any step in the sequence, there is no need to consider subsequent steps. *Tackett v. Apfel*, 180 F.3d 1094, 1098–99 (9th Cir. 1999); 20 C.F.R. §§ 404 .1520, 416.920.

**C.     Plaintiff's Waived the Issues Presented on Appeal**

Social security appellants must raise issues during administrative proceedings in order to preserve them for appeal before this Court.  *See, Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999) (citing, *Avol v. Secretary of Health & Human Serv.,* 883 F.2d 659, 660 (9th Cir.1989)). This well-established rule applies with particular force when claimants are represented by counsel. *Meanel,* 172 F.3d at 115 ("We now hold that, at least when claimants are represented by counsel, they must raise all issues and evidence at their administrative hearings in order to preserve them on appeal.")

Plaintiff appeared before the ALJ with an attorney and did not raise the issues of Plaintiff's Personality Disorder NOS, Sciatica, Post Traumatic Stress Disorder and Pes Planus.  The ALJ

5

provided a written order explaining the reasons for her decision, and when Plaintiff went before the Appeals Council, Plaintiff did not raise these impairments or argue the ALJ erred in failing to do so. Indeed, Plaintiff's reply brief concedes these issues were never raised during the administrative proceedings.  Pl.'s Reply Br., Doc. 14, 2: 5-19.

A claimant is not necessarily required to raise all issues before both the ALJ and the Appeals Council in order to preserve them on appeal to the district court. *See, Sims v. Apfel,* 120 S.Ct. 2080 (2000) (issues raised before the ALJ, but not the Appeals Council, are not waived on appeal to the district court); *Brewes v.Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157 (9th Cir. 2012) (issues raised before the Appeals Council, but not the ALJ, are not waived on appeal to the district court). However, implicit in Plaintiff's burden at Step Two is the requirement that Plaintiff alleges or otherwise meaningfully raises his impairments *at some point* during the administrative proceedings. *Meanel,* 172 F.3d at 1115; *see also, Cisneros v. Colvin,* No. 12-cv-0931-BAM, 2013 WL 5375490 at * 9 (E.D. Cal., Sept. 24, 2013) (finding waiver when plaintiff failed to raise the issue of improper past relevant work determination during administrative proceedings); *Shaw v. Comm'r of SSA*, 2008 U.S. Dist. LEXIS 30170, *20 (N.D. Cal. 2008) (Claimant waived argument challenging past relevant work when he failed to raise that objection at the hearing); *Mills v. Apfel,* 244 F.3d 1, 8 (1st Cir. 2001) ("The impact of a no-waiver approach at the Appeals Council level is relatively mild; at the ALJ level it could cause havoc, severely undermining the administrative proves.")

Plaintiff argues issues cannot be waived at the administrative level, and newly raised issues are properly before the Court so long as Plaintiff raises them in his opening brief. Pl.'s Reply Br., 3: 7-10.  In support of this position, Plaintiff cites to the Supreme Court's decision in *Sims* and the Ninth Circuit's decision in *Brewes*. *Id.* at 2: 14-21.

The Supreme Court's recent decision in *Sims* does not support Plaintiff's position.  *Sims* held that a claimant does not waive judicial review of an issue by failing to raise it before the Social Security Appeals Council.  *Id*. at 2082.  However, the Court explicitly stated that "[w]hether a claimant must exhaust issues before the ALJ is not before us." *Id*. at 2083-84. In *Brewes,* the Ninth Circuit held that when a claimant submits evidence for the first time to the Appeals Council, which considers that evidence in denying review of the ALJ's decision, the new evidence is part of the

administrative record, which the district court must consider. *Brewes,* 682 F.3d at 1159. *Brewes* explained the Commissioner's regulations permit claimants to submit new and material evidence to the Appeals Council and require the Council to consider that evidence in determining whether to review the ALJ's decision, so long as the evidence relates to the period on or before the ALJ's decision. *Id.* at 1162; *See also,* 20 C.F.R. § 404.970(b). Accordingly, because the record on appeal included issues and evidence submitted to and considered by the Commissioner, issues not raised before the ALJ but raised before the Appeals Council are preserved on appeal to the district court. However, *Brewes* does not excuse a complete failure to raise an issue during administrative proceedings.

Neither *Sims* nor *Brewes* disturb the Ninth Circuit's long-standing position that claimants are required to raise all issues either before the ALJ or before the Appeals Council. *Meanel,* 172 F.3d at 1115; *see also, Avol v. Secretary of Health & Human Serv.,* 883 F.2d 659, 660 (9th Cir.1989). Here, Plaintiff did not raise these additional impairments before either the ALJ or the Appeals Council. These arguments are therefore waived.

## **CONCLUSION**

Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial evidence in the record as a whole and is based on proper legal standards.  Accordingly, this Court **DENIES** Plaintiff's appeal from the administrative decision of the Commissioner of Social Security. The Clerk of this Court is **DIRECTED** to enter judgment in favor of Defendant Carolyn W. Colvin, Acting Commissioner of Social Security and against Plaintiff, Melvin Clyde Harhaw.

IT IS SO ORDERED.

Dated:   **March 10, 2014**                                /s/ *Barbara A. McAuliffe*   _
                                                                             UNITED STATES MAGISTRATE JUDGE