# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN CLYDE HARHAW, | Case No.  1:12-cv-1776-BAM |
| Plaintiff, | **DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AS MOOT** |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security, | (Doc. 18) |
| Defendant. | |

On March 17, 2014, Plaintiff, proceeding *pro se*, filed a motion to continue his *in forma pauperis* ("IFP") status on appeal.  Under 28 U.S.C. § 1915(a) the Court may waive the filing fee, if a party demonstrates an inability to pay by submitting an affidavit stating all assets of the individual. Receipt of IFP status is a privilege, not a right. *Franklin v. Murphy*, 745 F.2d 1221, 1232 (9th Cir. 1984).  Federal Rule of Appellate Procedure 24(a)(3)(A)  states that a party granted leave to proceed IFP in district court may continue in that status on appeal unless the district court certifies that appeal is not taken in good faith. Thus, a Plaintiff's IFP status carries forward throughout an appeal in the Ninth Circuit unless revoked.   *Ellis v. United States*, 356 U.S. 674, 674-75 (1958); *Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002).

Here, Plaintiff was granted IFP status by this Court on November 1, 2012. (Doc. 4).   The Ninth Circuit has not referred this matter to the Court for determination of whether Plaintiff's IFP

status should continue on appeal and Plaintiff's IFP status has not been revoked. As a result, Plaintiff's IFP status continues on appeal. Indeed, Plaintiff's continuing IFP status is noted in the docket entry for Plaintiff's Notice of Appeal at Docket Number 19-1, indicating that no fee on appeal was required because Plaintiff was granted IFP.

Accordingly, the Court DENIES Plaintiff's motion for continuing IFP status as moot. As explained above, Plaintiff's IFP status continues for purposes of appeal.

IT IS SO ORDERED.

Dated:   **April 2, 2014**              /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE